UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TIERNY, et al., | No. 2:18-cv-02057 MCE CKD |
| Plaintiffs, | |
| v. | ORDER |
| DAVID HARESH, et al., | |
| Defendants. | |

On April 17, 2019, the court held a hearing on defendants' motion to compel discovery responses. (ECF No. 8.) Che Hashim appeared for plaintiffs, and Derek Haynes appeared for defendants. Good cause appearing, the court will partially grant defendants' motion for the reasons set forth below.

This § 1983 case arises out of plaintiffs' (Tierny's and Brown's) allegations that defendants (Deputy Sheriffs Haresh, Abe, and Guzman) used excessive force when they arrested plaintiffs at a Grateful Dead concert. (ECF No. 1.) On March 18, 2019, plaintiff's counsel mailed incomplete, unsigned, and unverified responses to some, but not all, of defendants' requests. (See ECF No. 10.) The next day, defendants filed the instant motion to compel. (Id.)

After the court directed the parties to file a joint statement, plaintiffs produced some complete discovery responses. The following requests are still at issue:

////

1. Brown RFPs

Plaintiff Brown has not yet provided written responses to defendants' December 6, 2018 Requests for Production of Documents (RFPs). Pursuant to FRCP Rule 34(b)(2), a party responding to RFPs must serve responses within 30 days of service of the requests. The responses must be signed to confirm compliance with Rule 26(g). Plaintiffs concede that Brown has not provided verified responses to the RFPs but claim he has provided all documents in his possession related to liability (via initial disclosures), as well as documents related to damages.

Good cause appearing, the court will order Brown to provide these responses no later than fourteen (14) days from the date of this order.

2. Brown RFAs

Plaintiff Brown did not provide complete, verified responses to defendants' December 6, 2018 Requests for Admissions (RFAs) until April 3, 2019, after the motion to compel was filed. (See ECF No. 10, Ex. Q.) Per the parties' stipulation, they were due January 18, 2019. Defendants ask that the RFAs be deemed admitted in light of the late responses. At the hearing, plaintiffs' counsel requested that the deemed admissions be waived.

Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "The effect of the admission is such that '[a]ny matter admitted under this [Rule 36] is conclusively established' unless the court grants a motion to waive or amend." Fed. R. Civ. P 36(b); Tillamook Country Smoker, Inc.v. Tillamook Cnty. Creamery Ass'n, 465 F.3d 1102, 1111-12 (9th Cir. 2006). The court has discretion to grant relief from an admission made under Rule 36(a) if (1) "it would promote the presentation of the merits of the action" and (2) "'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" Fed. R. Civ. P. 36(b); Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations omitted).

"The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d

1345, 1348 (9th Cir. 1995). As the undersigned has previously noted, "requests for admission that seek to establish legal conclusions or render undisputed the disputed material facts of a case are per se impermissible." Jefferson v. Perez, 2012 WL 671917 (E.D. Cal. Feb. 29, 2012).

Under the second half of the Rule 36(b) test, the party who obtained the admission has the burden of proving that the withdrawal of the admission would prejudice the party's case. See Conlon, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." Hadley, 45 F.3d at 1348, citing Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982).

In this excessive force case, some of the RFAs to Brown, if admitted, would establish legal conclusions or render undisputed material facts of the case. (See ECF No. 10, Ex. G.) RFA Nos. 7 and 8, for example, ask Brown to admit that defendants Abe and Guzman "used no more force toward YOU than reasonably necessary to effectuate YOUR arrest." (Id. at 54-55.) RFA Nos. 14 and 15 ask Brown to admit that defendants Abe and Guzman are "entitled to qualified immunity." (Id. at 55.) Defendants have not shown that withdrawing these self-executing admissions would prejudice their case in the ways contemplated by Rule 36. The court will grant Brown relief from the deemed admissions at issue but cautions that further delays will be regarded unfavorably by the court.

3. Sanctions

Lastly, defendants seek monetary sanctions in the amount of $2,702.00 for fees and costs associated with meeting and conferring with plaintiffs' counsel and bringing the motion to compel ($1,354.50), preparing the joint statement ($822.50), and preparing for and attending the hearing ($525.00). Under FRCP Rule 37(A), if disclosure of the requested discovery is provided after the filing of a motion to compel, "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Here, defendants

reasonably pursued a hearing on the motion, as Brown has still not provided written responses to defendants' RFPs. Thus the court will impose sanctions in the amount requested by defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 8) is granted in part and denied in part as follows:

    (a) Plaintiff Brown shall provide complete and signed written responses to defendants' Requests for Production no later than fourteen (14) days from the date of this order;

    (b) Plaintiff's counsel shall pay defendants' counsel $2,702.00 in Rule 37 sanctions no later than fourteen (14) days from the date of this order.

2. Defendants' motion to compel is otherwise denied.

Dated: April 19, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/tierny2057.mtc